FILED
United States Court of Appeals
Tenth Circuit

December 1, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARQUES ALAN CHARGING CROW,

    Defendant - Appellant.

No. 22-8011
(D.C. No. 2:20-CR-00122-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Federal inmate Marques Alan Charging Crow, pro se, appeals the district court's order authorizing payment of restitution from his inmate trust account. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Charging Crow was convicted of several federal offenses in 2020. He was sentenced to 456 months in prison and ordered to pay $8478.85 in restitution. On November 4, 2021, the United States filed a "Motion To Authorize Payment From

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Inmate Trust Account" requesting that the district court enter an order authorizing the Bureau of Prisons "to turnover to the Clerk of Court $2,000.00 held in [Mr. Charging Crow's] inmate trust account as payment toward the Court ordered restitution." R., Vol. 1 at 48. That same day, the United States mailed a copy of the motion to Mr. Charging Crow, first-class postage prepaid.

Under Local Rule 7.1(b)(1)(B), Mr. Charging Crow had "fourteen (14) days after the filing of the motion to file a written response . . . in opposition to the motion." The Rule further provides that "[t]he Court may, in its discretion, consider the failure of a responding party to file a timely response as a confession of the motion." *Id.*

Having received no response, on November 29, 2021, the district court entered an order authorizing the payment. But on February 18, 2022, Mr. Charging Crow filed a response in opposition to the motion to authorize payment. He alleged that the source of the funds was an annuity payment from the Eastern Shoshone Native American tribe, which "[is] exempt from seizure," and asked the court "deny the motion [for authorization] and restore the funds immediately." R., Vol. 1 at 56. The court denied the motion the same day it was filed. In addition to noting the belated response, the court rejected Mr. Charging Crow's "contention [on the merits] that his Eastern Shoshone annuity payments are exempt from seizure to pay back restitution." *Id.* at 58-59 (footnote and internal quotation marks omitted). Mr. Charging Crow appeals.

"We review the district court's interpretation of the statute *de novo* and its decision to authorize payment under [18 U.S.C.] § 3664(n) for abuse of discretion." *United States v. Kidd*, 23 F.4th 781, 785 (8th Cir. 2022).

Mr. Charging Crow's brief on appeal contains two arguments: (1) "[u]nder 26 U.S.C. § 6334(a)(6), the funds were exempt from collection because they were dispersed from a Native American annuity fund"; and (2) he was denied due process when the court "encumber[ed] . . . the funds without first notifying [him] and providing an opportunity to be heard." Aplt. Opening Br. at 3. He is mistaken.

"[A]n order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person [ordered to pay restitution] as if the liability of the person . . . were a liability for a tax assessed under the Internal Revenue Code." 18 U.S.C. § 3613(c). To be sure, the Internal Revenue Code exempts certain property from levy, including

> [a]nnuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll . . ., and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code.

26 U.S.C. § 6334(a)(6). But none of the exemptions include annuity payments from a Native American tribe.

There is also no merit to Mr. Charging Crow's argument that he was denied due process. The United States served a copy of its motion on him, and the district court promptly considered his belated response in opposition and entered its order.

3

Nothing more was required. *See Elliott v. Martinez*, 675 F.3d 1241, 1245 (10th Cir. 2012) ("The core of due process is the right to notice and a meaningful opportunity to be heard." (internal quotation marks omitted)).

The judgment of the district court is affirmed. We grant Mr. Charging Crow's motion for leave to proceed on appeal without prepayment of costs and fees.

Entered for the Court


Joel M. Carson III
Circuit Judge